IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00971-CMA-CBS

GERALD D. HOSIER, individually and as Trustee of the Gerald D. Hosier U/A/D 10/04/99,
BRUSH CREEK CAPITAL LLC, and
JERRY MURDOCK, JR.,
        Petitioners/Arbitration Claimants,
v.

CITIGROUP GLOBAL MARKETS, INC.,
        Respondent/Arbitration Respondent.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on the Motion for Attorneys' Fees filed by

Petitioners Gerald D. Hosier, individually and as Trustee of the Gerald D. Hosier U/A/D

10/04/99, Brush Creek Capital LLC, and Jerry Murdock, Jr. (collectively, "Petitioners") on

January 4, 2012 (Doc. # 100).  Pursuant to the Order of Reference dated May 16, 2011 (Doc.

# 33) and the memorandum dated February 3, 2012 (Doc. # 110), this matter was referred to

the Magistrate Judge.  The court has reviewed the Motion, the entire case file, and the

applicable law and is sufficiently advised in the premises.

        Here, a fee award may flow from the District Judge's Order Confirming Arbitration

Award and Denying Motion to Vacate Arbitration Award, which Respondent is challenging on

appeal.  The District Judge also ordered "that no execution may issue, nor may proceedings

be taken to enforce, the Order or the Judgment pending the issuance of a mandate from the

U.S. Court of Appeals."  (*See* Doc. # 107 (Text Only Entry)).

        Although the filing of a notice of appeal "generally divests the district court of

jurisdiction over the issues on appeal, . . . the district court retains jurisdiction over collateral

matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir.1998) (internal quotation marks and citation omitted). "Attorney's fees awards are collateral matters over which the district court retains jurisdiction." *Id.* Nevertheless, the court possesses the authority to hold a motion in abeyance pending resolution of a matter on appeal. If Respondent succeeds before the Tenth Circuit, no fee award may be appropriate. An award of attorneys' fees to Petitioners prior to disposition of the appeal could be premature. Given the pendency of the appeal, the court concludes that the better course is to defer ruling on the Motion, particularly as reversal would undermine the very basis for a fee award. The court determines that it is in the interests of justice and efficiency to deny the Motion without prejudice to refiling after "the issuance of a mandate from the U.S. Court of Appeals." (*See* Doc. # 107). Accordingly,

IT IS ORDERED that Petitioners' Motion for Attorneys' Fees (filed January 4, 2012) (Doc. # 100) is DENIED without prejudice to refiling.

DATED at Denver, Colorado, this 3rd day of April, 2012.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge